**UNITED STATES of America,**
**Appellee,**

v.

**David Melvin WILSON, Appellant.**

**No. 10157.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 7, 1966.

Decided Jan. 26, 1966.

Certiorari Denied April 25, 1966.
See 86 S.Ct. 1374.

Daniel H. Honemann, Baltimore, Md. (Court-assigned counsel), for appellant.

Ronald T. Osborn, Asst. U. S. Atty. (Thomas J. Kenney, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and BRYAN, Circuit Judges.

**PER CURIAM:**

Convicted of the interstate transportation of a stolen motor vehicle, the de-

fendant has appealed. He questions the sufficiency of evidence identifying the automobile which he was driving when it collided with two parked automobiles in Maryland as an automobile stolen some months earlier in Pennsylvania.

The testimony showed that a 1956 Ford convertible was stolen from a Chevrolet dealer in Tarentum, Pennsylvania in the latter part of November 1962. The defendant's sister testified that in December 1962 the defendant was in possession of a 1956 Ford convertible to which there was attached a plaque or decal bearing the name of the Chevrolet dealer which had owned the stolen vehicle. The defendant, then residing in the same household in Pennsylvania with his sister, was unemployed, but he explained to his sister that the automobile belonged to his wife. On March 23, 1963, the defendant, driving a 1956 Ford convertible in Maryland, collided with two parked vehicles. The occupant of one of the houses in front of which the two vehicles were parked identified the car as a dark 1956 Ford convertible registered in Pennsylvania and testified that the defendant explained that the car belonged to his mother. The occupant of the other house gave a similar description of the car and testified that the defendant explained that it belonged to his uncle. Later, the defendant gave a statement to the FBI agent that he had obtained possession of the Ford convertible in Maryland as security for a loan.

He did not testify at the trial.

In his statement to the FBI, the defendant described the 1956 Ford convertible as black and yellow. His sister testified that the 1956 Ford convertible which the defendant had in December 1962 and which bore the name plate of the Chevrolet dealer was black and yellow. The Chevrolet dealer, himself, had testified earlier that he thought it was black and green, but he was speaking from an uncertain recollection, for, while his records contained other identifying data, they did not contain information as to the car's color.

Under all of the circumstances, we think the District Judge, to whom the case was tried without a jury, was entitled to conclude beyond a reasonable doubt that the automobile in the defendant's possession in December 1962 in Pennsylvania was the same vehicle earlier stolen from the Chevrolet dealer whose name plaque appeared upon it, and that it was the same vehicle which the defendant was later driving in Maryland when he collided with the parked automobiles.

Affirmed.